## Case No. 11,085a.

### In re PHILADELPHIA & R. R. CO.

[12 Reporter, 644.] [1]

Circuit Court, E. D. Pennsylvania.   Oct. 19. 1881.

RECEIVERS—CAR TRUST LOAN—INTEREST ON BONDS —POWER OF COURT.

1. A petition of receivers of a railroad for leave to create a car trust loan will not be granted, when the money necessary for the procurement of the rolling stock and equipment required can be raised from the net earnings of the road, even if by so applying the earnings the receivers are rendered unable to pay the interest on the company's bonded debt.

2. Whether the court has any power to make such an order—dubitatur.

A petition was presented by the receivers of the railroad asking to be allowed to create a car trust loan of a million of dollars, to provide for the rolling stock and equipment of the road.

S. Dickson and R. L. Ashhurst, for receivers.

J. C. Bullitt, for certain stockholders.

Before McKENNAN, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge, in delivering the opinion of the court, said: Two questions arise in considering the application: First, is the

[1] [Reprinted by permission.]

matter contemplated within the scope of the court's duty and authority, as custodian of the road and other property of the company? Second, if it is, would it be wise to grant the application? As respects the first, it must be borne in mind that the custody of the court is only temporary, to preserve the property so long as may afford reasonable time to the plaintiffs in the foreclosure bill to prosecute their proceeding to a close, in case the company fails to make satisfactory arrangements to relieve itself from the proceeding. Whether the order asked for by the receivers, or the allowance of it, falls within the proper scope of the court's authority, under the circumstances, is certainly open to doubt. I will not, however, enlarge upon this subject, for if it were not so open to doubt, I am satisfied that it would not be wise to make the order.

The petitioners admit, and the testimony proves, that the net earnings of the road are amply sufficient to make the purchase required; and if necessary these earnings should be so applied. The ground on which the petitioners desire to bond (instead of using such moneys) is that the moneys should be applied to payment of the bonded creditors of the company, in discharge of interest. We esteem it wise, if necessary, to allow such interest to go unpaid, rather than to pay it by means of borrowing money—which may tend to mislead creditors and others respecting the actual condition of the road and its earnings. It must be borne in mind that the court's custody of this property is not likely to continue much longer. The foreclosure proceeding has been running for eighteen months, and it should reach its close without unnecessary delay; and the court expects it to do so. The modern practice prevailing to some extent, elsewhere, of transferring corporate property to the custody of the courts to be thus held and managed for an indefinite period of years, to suit the convenience of parties, whereby general creditors and stockholders are kept at bay, I regard as a mischievous innovation. I have no doubt the petitioners are fully satisfied of the wisdom of the measure they suggest, and that they are actuated by a sincere desire to promote the best interests of the road. We do not, however, agree with them in this matter, and must be governed by our own judgment.

McKENNAN, Circuit Judge, concurring, said: I concur in what Judge Butler has said. We hold the property of the railroad company to preserve it, to keep it in its present condition, while the proceedings under the bill of foreclosure are being prosecuted. I entertain considerable doubt of the authority of the court to make the order asked for, and this of itself is sufficient for me; but I agree with Judge Butler in all he has said respecting the expediency of making the loan, even if we had authority so to do. The property should pass, with as little delay as is reasonably practicable, into the possession and control of owners, who will best be able to determine how it should be managed, and what measures relative to it are most likely to promote their interests. To the extent that the earnings of the road are required to keep it up, the receivers have authority so to apply it; but to borrow money to enable them to continue to pay money to bondholders, I consider unwise.

Petition disallowed.